TRINA A. HIGGINS, United States Attorney (#7349)
PETER REICHMAN, Special Assistant United States Attorney (#15241)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801-524-5682
Email: PeterR@utahcounty.gov

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In the matter of the application for authorization to search one (1) United States Postal Service (USPS) Priority Mail Parcel No. **9505513409884225515175** more fully described in Attachment A | Case No.   2:24mj817 CMR<br><br>AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT<br><br>The Honorable Cecilia M. Romero<br>United States Magistrate Judge |

### <u>AFFIDAVIT</u>

I, Megan E. Moore, being duly sworn, hereby depose and say:

1.      I am a Postal Inspector assigned to the United States Postal Inspection Service (USPIS), Phoenix Division, domiciled in Salt Lake City, Utah.  I have been employed by the United States Postal Inspection Service since July 2014. In October 2014, I successfully completed the 12-week United States Postal Inspection Service Basic Inspector Training Program at the Career Development Unit located in Potomac, Maryland.   Prior to that, I was an Asset Forfeiture Specialist with USPIS. In May 2022, I successfully completed a

temporary duty assignment as an instructor for the now 16-week United States

Postal Inspection Service Basic Inspector Training Program in Potomac,

Maryland.

2.      I have conducted numerous investigations involving various violations of

federal law, to include controlled substances being transported via the United

States Mails.  As part of my duties as a Postal Inspector, I investigate crimes

involving the United States Mail including Title 18, United States Code,

Sections 1716, Nonmailable Matter, 1956, Laundering of Monetary

Instruments, and Title 21, United States Code, Sections 841(a)(1), Possession

with Intent to Distribute a Controlled Substance, and 843(b), Unlawful use of a

Communications Facility to Facilitate the Distribution of a Controlled

Substance.

3.      The facts and information contained in this affidavit reflect either my personal

knowledge and experience, or the knowledge and experience of other law

enforcement officers and postal employees. Since this affidavit is being

submitted for the limited purpose of securing a search warrant from the court, I

have not included each and every fact known to me concerning this

investigation.  I have set forth only the facts that I believe are necessary to

establish probable cause for the search warrant.

4.      Based on my training and experience, I am aware that the United States Postal

Service mail system is frequently used to transport illicitly used drugs,

including controlled substances and money associated with drug trafficking

and other illicit activities, to areas throughout the United States. I also know that many subjects prefer mail/delivery services such as Priority Mail and Priority Mail Express because of the reliability and the ability to track the article's progress to the intended delivery point.

5.    Based on my training and experience regarding the use of Priority Mail, I am aware it was created as a less expensive choice than Express Mail overnight delivery, but designed to provide a quicker, more reliable service than standard First-Class Mail. Although a customer mailing an article via Express Mail expects next day service, when they mail an article via Priority Mail the Postal Service provides 2–3-day delivery.

6.    Based on my training and experience regarding the use of Priority Mail for the transportation of controlled substances through the U.S. Mail, I know these types of mailings often bear the following characteristics:

a.    They often contain handwritten address information and are being mailed from one individual to another;

b.    They are often paid for using cash to avoid detection by law enforcement;

c.    The parcel either: (a) was destined for an area known to be a frequent destination point for controlled substances, having been mailed from an area known to be a source area for controlled substances; or (b) originated from an area known to be a frequent origination point for the proceeds from the sales of controlled substances, having been mailed to an area known to

be a destination area for the proceeds from the sales of controlled

substances.

d.  They often contain heavily taped around every seam to avoid detection by a

drug detecting K-9.

7.    Based on my training and experience, I know drug traffickers will often use

fictitious or incomplete names and/or addresses in an attempt to conceal their

identity from law enforcement. Address verifications are conducted and the

return addresses listed on the articles are often either fictitious or sender names

are not associated with the address.

8.    Articles found to bear the characteristics described above are further

investigated by inspectors.

9.    This affidavit is made in support of an application for a search warrant on (1)

United States Postal Service Priority Mail parcel (hereinafter referred to as

**SUBJECT PARCEL**). The **SUBJECT PARCEL** is believed to contain illicit

drugs as part of a drug trafficking scheme.  The **SUBJECT PARCEL** is

described as follows:

The **SUBJECT PARCEL** is a United States Postal Service Priority Mail

Parcel Tracking No. **9505513409884225515175**, addressed to "Mr and Mrs

Anderson 492 North 1060 West number 1 Orem Utah 84057", with a return

address of "Michelle Tanner 1340 W Vermont Ave Phoenix AZ 85013",

shipped August 12, 2024, via the United States Postal Service (USPS)

weighing 8 lbs. 11 oz, with postage affixed in the amount of $17.75.

## **BACKGROUND INVESTIGATION**

10.   During May 2024, I received information the address 492 N 1060 W Apt 1, Orem, UT 84057, had received approximately five USPS parcels from Phoenix, AZ, a known source location for drugs, since February. All parcels were paid for using cash and weighing between one and a half pounds to just over five pounds. Further research found the primary resident at that address, Justin Wilkinson, is a convicted felon with a lengthy criminal history, to include multiple drug offenses. Based on that information, I began monitoring the address.

11.   On August 12, 2024, I received a notification that the **SUBJECT PARCEL** was inbound for delivery to the aforementioned address.

12.   On August 15, 2024, the **SUBJECT PARCEL** arrived at the Orem Main Post Office, Orem, Utah, for delivery and at my request was held for further investigation.

13.   A review of the **SUBJECT PARCEL** revealed it met all the characteristics described in Paragraph No. 6 including a handwritten label, heavily taped seams, paid for using cash, mailed from one individual to another, and mailed from a known narcotic source mailing location.

14. The recipient address listed "Mr and Mrs Anderson 492 North 1060 West number 1 Orem Utah 84057" however, as part of this investigation I am aware no one by the last name Anderson resides at that location.

15. The sender address of "Michelle Tanner 1340 W Vermont Ave Phoenix AZ 85013" was queried via CLEAR, a database accessible to law enforcement officers, and the results indicated the address is a valid delivery address however "Michelle Tanner" does not associate with the address.

16. Later in the day on August 15, 2024, Orem Police Department encountered Justin Wilkinson outside of his residence as part of a separate investigation. A search warrant was subsequently executed at Wilkinson's residence (the address listed on the **SUBJECT PARCEL**). Seized during the search was over $12,000 U.S. Currency, 2 grams of methamphetamine, drug paraphernalia, THC vapes, bud, and dab, Suboxone, and Naloxone, among other items. Additionally, detectives witnessed the following screen containing the **SUBJECT PARCEL** tracking number on Wilkinson's phone:



17. Wilkinson was read his Miranda Rights and agreed to speak with detectives. Detectives questioned Wilkinson about the **SUBJECT PARCEL**. Wilkinson responded that he was anticipating the delivery of the parcel and believed it would contain approximately seven pounds of methamphetamine and 1,000 fentanyl-laced pills. Of note, the parcel weighs 8 lbs. 11 oz. and is therefore consistent with Wilkinson's information.

18. On August 16, 2024, Orem Police Officer M. Nield utilized his narcotics trained canine Floki to sniff the **SUBJECT PARCEL**.  Officer Nield and K-9 Floki have been POST certified since June 2024.

19. At the time, the **SUBJECT PARCEL** was in the Orem Post Office. The **SUBJECT PARCEL** was placed in a line among three USPS control parcels. Officer Nield was not made aware of which parcel was the **SUBJECT**

**PARCEL**. Officer Nield led Floki to the area where the **SUBJECT PARCEL** and three control parcels were located and allowed Floki to move freely. When Floki arrived at the **SUBJECT PARCEL,** Officer Nield relayed to me that Floki did visibly alert/indicate to the odor of narcotics emanating from the **SUBJECT PARCEL**.

## <u>CONCLUSION</u>

20.     Based on the above information, I believe there is probable cause to support a search warrant for the **SUBJECT PARCEL** based on the following:

      a.   The **SUBJECT PARCEL** originated from a known source location;

      b.   The **SUBJECT PARCEL** was paid for using cash;

      c.   The **SUBJECT PARCEL** contains a handwritten label;

      d.   The **SUBJECT PARCEL** contains heavily taped seams;

      e.   The sender name listed on the **SUBJECT PARCEL** does not associate with the sender address;

      f.   The addressee name listed on the **SUBJECT PARCEL** does not associate with the delivery address;

      g.   Post-Miranda Justin Wilkinson identified himself as the intended recipient of the **SUBJECT PARCEL** and stated the **SUBJECT PARCEL** would contain seven pounds of methamphetamine and 1,000 fentanyl-laced pills;

      h.   K-9 Floki alerted/indicated to the odor of narcotics emanating from the **SUBJECT PARCEL**.

21.   Based on the aforementioned facts, your Affiant believes there is probable

cause to believe that the **SUBJECT PARCEL** described in paragraph No. 9

contains controlled substances and/or proceeds from the trafficking of

controlled substances, or other illegal activities that involve the movement of

drugs, constituting evidence of violations of Title 18, United States Code,

Section 1716, Nonmailable Matter, Title 21, United States Code, Sections

841(a)(1), Possession with Intent to Distribute a Controlled Substance, 843(b),

Unlawful use of a Communication Facility to Facilitate the Distribution of a

Controlled Substance.


*/s Megan E. Moore*
Megan E. Moore
United States Postal Inspector


The affiant appeared before me by video conference on this date pursuant to Fed. R.
Crim. P. 4.1 and affirmed under oath the content of this affidavit and application on this
19th day of August 2024.

The Honorable Cecilia M. Romero
United States Magistrate Judge
District of Utah

## Attachment A

The **SUBJECT PARCEL** is a United States Postal Service Priority Mail Parcel Tracking No. 9505513409884225515175, addressed to "Mr and Mrs Anderson 492 North 1060 West number 1 Orem Utah 84057", with a return address of "Michelle Tanner 1340 W Vermont Ave Phoenix AZ 85013", shipped August 12, 2024, via the United States Postal Service (USPS) weighing 8 lbs. 11 oz, with postage affixed in the amount of $17.75.

The **SUBJECT PARCEL** is being held at the United States Postal Inspection Service (USPIS) Salt Lake City, Utah Domicile, and has been held at the USPIS Salt Lake City, Utah Domicile since August 16, 2024.

**Parcel Images:**



**Attachment B**

ITEMS TO BE SEIZED

A United States Postal Service Priority Mail Parcel Tracking No.

9505513409884225515175, addressed to "Mr and Mrs Anderson 492 North 1060 West

number 1 Orem Utah 84057", with a return address of "Michelle Tanner 1340 W

Vermont Ave Phoenix AZ 85013", shipped August 12, 2024, and its contents, to include

controlled substances and/or proceeds from the trafficking of controlled substances, or

any documents or items showing names and addresses or persons from whom or to whom

the package was sent and/or any items of contraband, constituting evidence of violations

of Title 18, United States Code, Section 1716 - Nonmailable Matter, Title 21, United

States Code, Sections 841(a)(1) - Possession with Intent to Distribute a Controlled

Substance, and 843(b) - Unlawful use of a Communication Facility to Facilitate the

Distribution of a Controlled Substance.